# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARIUS KILBY,** | : | Civil No. 3:20-CV-1009 |
| **Plaintiff,** | : | |
| v. | : | (Judge Mariani) |
| **ANGELA HOOVER, et al.,** | : | (Magistrate Judge Carlson) |
| **Defendants.** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is one of a number of cases recently filed by immigration detainees challenging the conditions of their confinement at the Clinton County Prison, which have been referred to the undersigned for case management. The case began in a curious fashion. It was initially filed by a *pro se* plaintiff on behalf of a putative class consisting of dozens of other detainees.

At the outset, to the extent that one detainee sought to file pleadings and purported to act on behalf of other *pro se* plaintiffs, these filings were improper. As non-lawyer *pro se* litigants, each of these detainees is only authorized to represent his own interests in his case and is not empowered to "represent" the interests of other unrepresented parties. This rule is, first, prescribed by statute: "In all courts of the United States the *parties may plead and conduct their own cases personally or by counsel* as, by the rules of such courts, respectively, are permitted to manage and

conduct causes therein." 28 U.S.C. § 1654 (emphasis added). In keeping with this statutory language, the Third Circuit Court of Appeals has long instructed that "a nonlawyer appearing *pro se* [is] not entitled to play the role of attorney for other *pro se* parties in federal court." Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991) (holding father not authorized to represent the legal interests of his children in federal court, and vacating judgment that had been entered against unrepresented children); see also Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991) ("It is a well-established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in a federal court"); cf. Fed. R. Civ. P. 11(a) (requiring that all pleadings, motions, and submissions to federal courts be signed by an attorney of record, or by the unrepresented party himself or herself).

Because one detainee improperly attempted to file this action on behalf of a host of other unrepresented parties, there was a second flaw in these initial filings. None of the multiple plaintiffs named in the initial pleading had filed motions for leave to proceed *in forma pauperis*, or paid the filing fee, as required by law.

In addition, a review of the docket disclosed a third and fundamental flaw in this case. The only operative pleading filed in this case was a collective motion for a temporary restraining order filed on behalf of all detainees. Thus, no individual plaintiff had filed a civil complaint setting forth that plaintiff's specific complaints

or claims.

Upon review of these eccentric and inappropriate filings, the clerk lodged these filings as separate cases under each individual putative plaintiff's name, and these civil actions were then referred to the undersigned. Recognizing the chaotic state of the record in these cases, on June 23, 2020, we entered a case management order designed to create some measure of order out of this chaos, which directed the plaintiffs to take a series of actions by July 24, 2020. That order provided as follows:

> In order to ensure that this litigation proceeds forward in an orderly fashion, IT IS ORDERED as follows:
>
> 1. On or before **July 24, 2020**, each individual plaintiff must pay the filing fee prescribed by law, or submit a motion for leave to proceed *in forma pauperis*.
>
> 2. In addition, on or before **July 24, 2020** each individual plaintiff must submit a complaint to the court describing that plaintiff's claims. However, we instruct each plaintiff that this "complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the [pleadings] already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Therefore, each individual plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.
>
> 3. Each complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

> The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

4. The Court further places each plaintiff on notice that failure to comply with these directions may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies each plaintiff that, as a litigant who may seek leave to proceed *in forma pauperis*, your complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

5. Finally, to the extent that any plaintiff is seeking a preliminary injunction or temporary restraining order, each individual plaintiff should include a motion seeking such relief along with his or her motion for leave to proceed *in forma pauperis* and complaint.

Against this backdrop we now turn to consideration of two motions filed by the plaintiff, who is no longer housed at the Clinton County Prison but has been transferred to the Etowah County Detention Center in Gadsden, Alabama. The plaintiff has filed a motion for extension of time in which to file a motion for leave to proceed *in forma pauperis* as well as a motion to compel officials at the Clinton County Prison to comply with the *in forma pauperis* application procedures prescribed for federal prisoners under 28 U.S.C. §1915. (Docs. 12 and 13). The premise underlying both of these motions is that the plaintiff, an immigration

detainee, must comply with the procedures set forth for prisoners under 28 U.S.C. §1915 in order to obtain *in forma pauperis* status.

On this score, we believe that the plaintiff misapprehends the *in forma pauperis* procedures that apply to immigration detainees. With respect to issues concerning *in forma pauperis* proceedings, the Prison Litigation Reform Act of 1995 (PLRA), significantly affected prisoners who sought leave to proceed *in forma pauperis* in federal court. litigation. The PLRA amended 28 U.S.C. § 1915 and imposed obligations on prisoner-litigants who are granted *in forma pauperis* status. Specifically, the PLRA requires a "prisoner" who brings a civil action or appeal *in forma pauperis* to pay the full amount of the filing fee and make payments toward the fee in installments based on the prisoner's account at the facility in which he or she is held. 28 U.S.C. § 1915(b).

The term "prisoner," in turn, is defined by the statute to include: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Notably absent from this definition of a "prisoner" is any reference to immigration detainees, a fact which suggests that ICE detainees do not qualify as "prisoners" under § 1915(h) and, are not subject to the procedures for payment of filing fees mandated for prisoners 28 U.S.C. § 1915 (b)(1).

Courts that have considered this issue agree that § 1915p(b)(1)'s prisoner fee payment requirement does not apply to immigration detainees. Thus, it has been held that because "the PLRA did not bring alien detainees within its sweep," the PLRA's fee provisions therefore do not apply to indigent immigration detainees seeking access to the federal courts. Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997). In reaching this conclusion, the Court of Appeals stated in terms that are equally applicable here that:

> Whether [an immigration detainee] falls within [§ 1915(h)'s] definition of "prisoner" is a fairly close question. He is detained in a federal facility, and he certainly has been "convicted of" and "sentenced for" a crime. In some sense, it is his violations of criminal law that have caused his current detention, for if he had not been convicted of the drug offenses there would be no cause to deport him. Strictly speaking, however, [the plaintiff''s] present detention is for a violation of immigration law rather than criminal law. Nothing in the language of § 1915(h) suggests that Congress meant it to apply to INS detainees; indeed, the absence of immigration regulations from the laundry list of other things one might violate-parole, probation, and the like-very plausibly could be read to indicate the contrary. Had Congress wished to include immigration violations in this provision, it easily could have said so.

Id. at 682.

Following Ojo, other courts, including our own court, have reached the same conclusion, consistently holding that the PLRA prisoner fee payment provisions do not apply to immigration detainees. See Tavares v. Attorney Gen. USA, 211 F. App'x 127, 128 n. 2 (3d Cir. 2007)(held, Section 1915 does not apply to immigration detainees, following Ojo); Agyeman v. INS, 296 F.3d 871, 885-886 (9th Cir. 2002)

(holding filing fee provisions do not apply to alien detainee who proceeds *in forma pauperis* to petition for review from a BIA decision so long as he does not also face criminal charges); Troville v. Venz, 303 F.3d 1256, 1259-60 (11th Cir. 2002) (holding PLRA's full payment provision does not apply to civil detainee); LaFontant v. INS, 135 F.3d 158, 165 (D.C. Cir. 1998) (holding that PLRA fee requirements do not apply to petition for review because an incarcerated alien facing deportation is not a "prisoner"); Leslie v. United States, No. 3:10-CV-1005, 2011 WL 13196676, at *1 (M.D. Pa. Dec. 14, 2011);  Latansio v. Sabol, No. 4:CV-10-0582 (M.D. Pa. Apr. 9, 2010) (Muir, J.); Lewis v. York County Prison, No. 06-40, 2007 WL 625057, *2 (M.D. Pa. Feb. 23, 2007). Since the great weight of authority supports the proposition that immigration detainees are not "prisoners" under § 1915(h), we agree that the plaintiff is exempt from the specific provisions of § 1915(b). Therefore, the plaintiff need only submit a motion for leave to proceed *in forma pauperis*. Neither the plaintiff, nor the Clinton County Prison, needs to comply with the other provisions of §1915(b). Having clarified this issue we will GRANT this motion to for extension of time to submit a motion for leave to proceed *in forma pauperis*, but DENY the motion to compel Clinton County officials to comply with §1915.

    Two other matters warrant mention. First, the plaintiff must be mindful that he has been ordered to both move for leave to proceed *in forma pauperis*, and file a

proper complaint, since to date no complaint has been lodged in this matter. A failure to take both of these steps may result in the dismissal of this case.

Second, we note that there is a prior counselled case pending in this district which seems to raise many of the same issues which the plaintiff now endeavors to present. See Thakker v. Doll, 1:20-CV-480. In this regard, we place the plaintiff on notice of the "first-filed rule," which provides that:

> "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir.1941) (quoting Smith v. McIver, 22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824)), cert. denied, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942). Since then, this policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of "similar cases ... in different federal district courts." See generally Compagnie Des Bauxites De Guinea v. Insurance Co. of North America, 651 F.2d 877, 887 n. 10 (3d Cir.1981), cert. denied, 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed. 1312 (1982); see also Berkshire Intern. Corp. v. Marquez, 69 F.R.D. 583, 586 (E.D.Pa.1976) ("it has long been the policy of our Circuit Court that absent unusual circumstances" the first-filed rule applies in cases of concurrent federal jurisdiction); accord West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir.1985) ("federal courts have long recognized that ... comity requires federal district courts ... to exercise care to avoid interference with each other's affairs.").

E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988), aff'd, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990). Therefore, to the extent that the issues raised in this case mirror those raised in, Thakker v. Doll, 1:20-CV-480, if the

plaintiff falls within the class named in that lawsuit, the plaintiff may be enjoined from pursuing these claims in multiple, serial lawsuits.

An appropriate order follows.

## ORDER

AND NOW this 25st day of August 2020, IT IS ORDERED as follows:

First, the plaintiff's motion for extension of time (Doc. 12), is GRANTED and on or before **September 11, 2020**, the plaintiff must pay the filing fee prescribed by law, or submit a motion for leave to proceed *in forma pauperis*. In addition, on or before **September 11, 2020** the plaintiff must submit a complaint to the court describing that plaintiff's claims. However, we instruct the plaintiff that this "complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the [pleadings] already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Therefore, the complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

Second, the plaintiff's motion to compel compliance with 28 U.S.C. §1915 (Doc. 13) is DENIED.

Third, the plaintiff is placed on notice that this action may be subject to dismissal under the "first-filed rule."

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge